**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 22, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANGELIINA LYNN LAWSON,

    Plaintiff - Appellant,

v.

ERIC W. GODDERZ; STATE OF
KANSAS; TAYLOR J. WINE; JOHN
BRYANT,

    Defendants - Appellees.

No. 25-3198
(D.C. No. 2:25-CV-02199-JWB-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

During domestic proceedings in Kansas state court, pro se appellant Angeliina
Lawson sued three state judges and the State of Kansas. The district court dismissed
the action after a 28 U.S.C. § 1915(e)(2)(B) screening. Lawson appealed. Exercising
jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In the amended complaint, Lawson raised several claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act. The magistrate judge screened her first amended complaint and recommended dismissal of all counts. Lawson timely objected.

On de novo review, the district court overruled her objections, adopted the magistrate judge's report and recommendation (R&R), and dismissed the action. The district court concluded that some claims were barred by immunity. It concluded that others were barred under *Younger v. Harris*, 401 U.S. 37 (1971).[1] And it dismissed the remaining claims for failure to state claim.

Lawson's opening brief raises no challenge to the reasons the district court gave for overruling her objections to the R&R or for dismissing the case.[2] "The first task of the appellant is to explain to us why the district court's decision in wrong." *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015). Because Lawson does not do so, we will not question the district court's decision. *See Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) ("[W]e will not question the reasoning of a district court unless an appellant actually argues against it." (alteration and internal quotation marks omitted)).

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971), held that federal courts are generally required to abstain from interfering with ongoing state legal proceedings. *See Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 875 (10th Cir. 2001).

[2] Because Lawson proceeds pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

We affirm the district court's judgment.  We grant Lawson's motion to submit the appeal on the brief, and we deny as moot her motion for a status and ruling on the motion to submit the appeal on the brief.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

3